**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kingsley Capital Management, LLC, and Bruce Paine Kingsley MD IRA Rollover,<br><br>Plaintiffs,<br><br>vs.<br><br>Brian Nelson Sly, a married man; Brian Sly and Company, Inc., a California corporation and successor to Brian Sly and Company, a sole proprietorship; Wilbur Anthony Huff, an individual; Charles J. Antonucci, Sr., an individual; Thomas J. Bean, an individual; Thomas Cunningham and Jane Doe Cunningham, husband and wife,<br><br>Defendants. | No. CV 10-02243-PHX-NVW<br><br>**ORDER** |

Before the Court is "Plaintiffs' Motion for Reconsideration of the Court's Order Granting Thomas J. Bean's Motion to Stay Litigation and Compel Arbitration in Kentucky" (Doc. 90). For the reasons stated below, Plaintiffs' motion will be denied.

**I.     BACKGROUND**

Plaintiff Kingsley Capital Management is an Arizona limited liability company controlled by Dr. Bruce Kingsley, an Arizona resident. Plaintiff Bruce Paine Kingsley MD IRA Rollover is a trust for which Kingsley is the trustee. Kingsley himself is not a plaintiff, but at all times relevant to this action, Plaintiffs acted at Kingsley's direction. For purposes of this order, there is no need to distinguish between Plaintiffs' actions and

Kingsley's actions. The Court's use of "Kingsley" below therefore refers to actions taken by Bruce Kingsley himself, as well as the actions he caused Plaintiffs to take.

Kingsley's complaint generally alleges that the various defendants scammed him into investing in the "Oxygen" entities, a collection of investment vehicles ostensibly related to workers compensation insurance. When Kingsley joined the Oxygen entities, he signed an agreement requiring him to arbitrate his disputes with Oxygen, its manager, and its members. Based on this agreement, Bean moved to compel arbitration, arguing that although he was not a signatory to the agreement, Kingsley's accusations against him described conduct that he took as an agent for Oxygen. More specifically, Bean was the manager of River Falls Financial Services, LLC, which was in turn the managing member of the Oxygen entity at issue here, and all of Bean's alleged actions were in his role as Oxygen's manager. Kingsley countered that Bean had never really acted as Oxygen's agent, and Bean's representations to the contrary comprised part of the fraud alleged in the lawsuit. However, the Court could locate no authority establishing that one bound to arbitrate with a principal could avoid arbitration with that principal's agent simply by alleging that the agent had falsely represented his status as such. The Court therefore compelled Kingsley to arbitrate with Bean, but added in a footnote:

> The Court makes this determination based on its understanding of the undisputed portions of the record before it, including Kingsley's surreply (Doc. 39). If Kingsley believes that the record nonetheless contains gaps that would affect this analysis, he may file a focused motion for reconsideration. If such a motion has merit, a hearing may be necessary under 9 U.S.C. § 4.

(Doc. 49 at 22 n.7.)

Apparently inspired by this footnote, Kingsley now brings a motion for reconsideration based on evidence he gathered in the meantime. Kingsley's motion, however, is far from "focused." As best the Court can discern, Kingsley now asserts that Bean cannot claim agency status because of participation in criminal activity, judicial

estoppel, and general disavowal of his role as agent. These arguments will be addressed in turn.

## II. CRIMINAL ACCUSATIONS

Among Bean's alleged co-conspirators is Defendant Anthony Huff, who sought to compel Kingsley to arbitrate with him through an agency argument similar to Bean's. The Court's prior order rejected Huff's argument because Huff had been convicted of mail fraud — a crime involving dishonesty — and under federal law, it is also a crime if "[a]ny individual who has been convicted of any criminal felony involving dishonesty . . . willfully engages in the business of insurance . . . or participates in such business." 18 U.S.C. § 1033(e)(1)(A). Oxygen was in the business of insurance, so Huff was not legally permitted to act as Oxygen's agent. "One who cannot legally be an agent, and knows it," this Court concluded, "cannot act in good faith. As a matter of law, such a person cannot claim any benefit of agent status." (Doc. 49 at 21.)

Kingsley now attempts to show that Bean likewise "cannot legally be an agent, and knows it," thus negating his agency status. Kingsley apparently reasons as follows:

- It is a crime under 18 U.S.C. § 1033 for an individual convicted of mail fraud to participate in the "business of insurance."
- Huff's criminal defense attorney would have known about 18 U.S.C. § 1033 because he had formerly been a United States Attorney.
- A 2005 decision in an entirely unrelated civil case from the Southern District of Ohio interpreted "business of insurance" broadly, such that it would apply to Oxygen's business efforts. *See Beamer v. NETCO Inc.*, 411 F. Supp. 2d 882, 889–90 (S.D. Ohio 2005).
- Huff's criminal defense attorney also would have known about and the *Beamer* decision because he had also formerly been lieutenant governor of Kentucky and Ohio is next to Kentucky.
- Because Huff's criminal defense attorney knew about 18 U.S.C. § 1033 and the *Beamer* decision, it is reasonable to conclude that Huff knew about

- 3 -

them as well and recognized that he could not overtly participate in Oxygen.

- Huff brought Bean into Oxygen as a figurehead manager, to obscure Huff's own involvement.
- "[W]illfully permit[ing]" a mail fraud convict to participate in the "business of insurance" is as much a crime as the mail fraud convict's own participation. 18 U.S.C. § 1033(e)(1)(B).
- Bean somehow knew that Huff could not participate in the insurance business, perhaps because Bean has been represented in Kentucky legal proceedings by the law partner of Huff's criminal defense attorney.
- Bean therefore violated 18 U.S.C. § 1033(e)(1)(B) by allowing Huff to use him as Oxygen's figurehead manager.
- Bean knew that he could not legally act as Oxygen's agent, thus stripping him of the protections of agency status.

This argument is almost entirely conjecture. It does not support reconsidering the Court's previous ruling.

## III. JUDICIAL ESTOPPEL

Kingsley argues that Bean, in a separate lawsuit in Kentucky, is taking a position inconsistent with his assertion of agency in this action. Although Kingsley does not say as much, he appears to be arguing for judicial estoppel. The Ninth Circuit recently described judicial estoppel, and the standards for applying it, as follows:

> Judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase. Federal law governs the application of judicial estoppel in federal court. The doctrine applies to positions taken in the same action or in different actions. It also applies to a party's stated position whether it is an expression of intention, a statement of fact, or a legal assertion.

> Factors relevant in deciding whether to apply the doctrine include: (1) whether the party's later position is "clearly inconsistent" with its earlier position; (2) whether the party has successfully advanced the earlier position, such that judicial acceptance of an inconsistent position in the later proceeding would create a perception that either the first or the second court had been misled; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Samson v. NAMA Holdings, LLC*, 637 F.3d 915, 935 (9th Cir. 2011) (citations and internal quotation marks omitted; alterations incorporated).

Bean (along with many of the defendants in this lawsuit) has been sued in Kentucky by Roxann Pixler, who alleges that she held an interest in one of the Oxygen-related entities and was swindled out of money to which she was entitled by virtue of that interest. Regarding Bean specifically, Pixler alleges that he worked in concert with Anthony Huff to steal from Pixler by setting up and pretending to be the manager of River Falls Investments, LLC and River Falls Equities, LLC, which Huff used to transfer and hide assets due to Pixler. (*See Pixler v. Huff et al.*, No. 3:11-cv-00207, W.D. Ky., Doc. 1 ¶ 44 (filed Apr. 5, 2011).) Bean moved to dismiss, arguing lack of personal jurisdiction and failure to state a claim with sufficient specificity. In response, Pixler filed a declaration explaining her beliefs about the role Bean played. Bean's reply then opens with the following statement:

> Contrary to . . . Pixler's . . . assertion, . . . Bean . . . did not create either River Falls Investments or River Falls Equities. . . . Bean did not create these entities nor did he control their day to day operations. Anthony Huff was responsible for controlling both entities and transferring assets to or from these entities. . . . In addition, Bean received no payments from River Falls Investment [*sic*] or Equities. . . . Bean was listed as the manager of River Falls Investment [*sic*] and River Falls Equities for organizational purposes only and did not engage in the operational activities of these firms. . . . He did not have any day to day duties or operations of these companies.

- 5 -

(*Id.*, Doc. 47 at 1–2 (filed Sept. 20, 2011).) The Kentucky court dismissed Pixler's claim against Bean without prejudice for failure to establish personal jurisdiction and failure to state a claim against him with sufficient specificity. The court did not address Pixler's or Bean's factual assertions.

Kingsley argues that Bean's statement above shows he is attempting to avoid any allegation that he manages Oxygen, contrary to his assertions in this Court. As a matter of judicial estoppel, Kingsley's argument fails. Bean's argument in the *Pixler* lawsuit is not "clearly inconsistent" with the argument he asserted here. In this Court, Bean represented himself as manager of River Falls Financial Services, Oxygen's managing member. The *Pixler* action, by contrast, involves allegations regarding River Falls Investments and River Falls Equities. Although these entities may have had something to do with Oxygen, the record before the Court establishes only River Falls Financial Services' relationship to Oxygen, and it is through that relationship the Bean gains the status of agent. Therefore, judicial estoppel is not appropriate.

**IV.     THE FIGUREHEAD ARGUMENT GENERALLY**

The overall thrust of Kingsley's foregoing two arguments is that there may be reason to believe Bean had no real duties as Oxygen's manager, and was simply a figurehead used to obscure Huff's participation in the insurance business. Kingsley accuses Bean of "unclean hands" and bad faith and ascribes numerous questionable actions to him. At this stage, Kingsley's assertions are not evidence. Theoretically, a hearing under 9 U.S.C. § 4 could overcome that hurdle. But given that Kingsley's fraud claim against Bean is based largely on the idea that Bean falsely represented his agency status, a hearing on Kingsley's current motion would be a hearing on Bean's liability.

IT IS THEREFORE ORDERED that "Plaintiffs' Motion for Reconsideration of the Court's Order Granting Thomas J. Bean's Motion to Stay Litigation and Compel Arbitration in Kentucky" (Doc. 90) is DENIED.

Dated this 23rd day of February, 2012.

*Neil V. Wake*
Neil V. Wake
United States District Judge