**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kingsley Capital Management, LLC, and Bruce Paine Kingsley MD IRA Rollover,<br><br>Plaintiffs,<br><br>vs.<br><br>Brian Nelson Sly, a married man; Brian Sly and Company, Inc., a California corporation and successor to Brian Sly and Company, a sole proprietorship; Wilbur Anthony Huff, an individual; Charles J. Antonucci, Sr., an individual; Thomas J. Bean, an individual; Thomas Cunningham and Jane Doe Cunningham, husband and wife,<br><br>Defendants. | No. CV 10-02243-PHX-NVW<br><br>**ORDER** |

Before the Court is "Plaintiffs' Motion to Strike Untimely Notices of Nonparty at Fault" (Doc. 173). For the reasons stated below, the motion will be granted.

**I.    BACKGROUND**

On August 1 and August 2, respectively, Defendants Cunningham and Sly filed notices of non-parties at fault, as generally permitted by A.R.S. § 12-2506(B). Both Cunningham's notice and Sly's notice named Bruce Kingsley (Plaintiff Kingsley Capital Management's principal, and Plaintiff Bruce Paine Kingsley MD IRA Rollover's trustee); and Paul Conant, one of Plaintiffs' attorneys here who supposedly advised Kingsley about various issues relating to his investment.

Sly also names several other potential non-parties at fault. He accuses Kingsley's wife, Jane Kingsley, of advising and participating in the investment decisions; and

another attorney (who has not appeared here), Rand Haddock, who likewise allegedly advised Kingsley and participated in Kingsley's decision to enter into the investment. In addition, Sly names six former directors of the Park Avenue Bank whom Kingsley has sued in a separate lawsuit to recover his losses under indirect and control person liability theories. Finally, Sly has named River Falls Financial Services, LLC and River Falls Investments, LLC, which he accuses of failing to compensate Kingsley as provided for by contract.

## II.     ANALYSIS

Kingsley has moved to strike Cunningham's and Sly's notices as untimely. Kingsley argues that defendants had an obligation to file their notices within 150 days of answering the complaint, making Cunningham's notice 110 days late and Sly's notice 41 days late. Neither Sly nor Cunningham dispute Kingsley's calculations, but they challenge whether they were obligated to act within 150 days of answering. They alternatively move for leave to file late.

Under Arizona law,

> [i]n assessing percentages of fault the trier of fact shall consider the fault of all persons who contributed to the alleged injury, death or damage to property, regardless of whether the person was, or could have been, named as a party to the suit. Negligence or fault of a nonparty may be considered . . . if the defending party gives notice before trial, in accordance with requirements established by court rule, that a nonparty was wholly or partially at fault.

A.R.S. § 12-2506(B). The "requirements established by court rule" can be found at Arizona Rule of Civil Procedure 26(b)(5), which establishes that a notice of non-parties at fault must be filed within 150 days of answering. If the defendant fails to timely file, "the trier of fact shall not be permitted to allocate or apportion any percentage of fault to any nonparty . . . except . . . upon motion establishing good cause, reasonable diligence, and lack of unfair prejudice to other parties."

Sly and Cunningham argue that this Arizona rule does not apply in federal court. Although Arizona Rule 26(b)(5) does not apply of its own force, this Court has held that it should nonetheless be applied to prevent forum shopping and potential inequity. *Wester v. Crown Controls Corp.*, 974 F. Supp. 1284, 1286–87 (D. Ariz. 1996). Further, if the Arizona rule does not apply, there is no deadline for filing a notice of non-party at fault — an unacceptable circumstance given the effect that such notices have on discovery. Accordingly, Sly and Cunningham had an obligation to file notices of nonparties at fault within 150 days of answering the complaint, just as they would if this case had remained in state court. Neither disputes that he missed this deadline. Therefore, their notices must be stricken unless they can establish "good cause, reasonable diligence, and lack of unfair prejudice to other parties."

Defendants have not met this standard. Their only argument for good cause is simply to further the policies of the comparative fault statute — but those policies depend on timely notice. As for reasonable diligence, the only non-parties defendants had not known about long before expiration of their filing deadline are the Park Avenue Bank directors named in Sly's notice. Sly learned of these non-parties in March but still waited until August to file a notice. Thus, neither Sly nor Cunningham has demonstrated reasonable diligence. Finally, Kingsley would be prejudiced by excusing these notices' untimeliness. Discovery is already underway, and these notices would significantly expand it. They also raise complicated questions about the extent of non-party liability, which would certainly require additional litigation. For example, naming Kingsley personally evades the law of director liability and veil-piercing — Plaintiffs made no decisions except through Kingsley, and therefore any fault allocable to Kingsley is necessarily the fault of Plaintiffs. Naming Kingsley's lawyers is potentially abusive, as it creates a weapon one could wield in many cases simply to create a conflict with the client. These factors weigh strongly against late attempts to further expand and delay this case. Defendants' untimely filing will not be excused.

IT IS THEREFORE ORDERED that is "Plaintiffs' Motion to Strike Untimely Notices of Nonparty at Fault" (Doc. 173) is GRANTED.

IT IS FURTHER ORDERED that Defendant Sly's and Defendant Cunningham's motions to excuse their untimely filing are DENIED.

IT IS FURTHER ORDERED that "Thomas Cunningham's Notice of Non-Parties at Fault" (Doc. 170) and "Notice of Non-Parties at Fault by Defendants Brian Sly, Brian Sly and Company and Brian Sly and Company, Inc." (Doc. 171) are STRICKEN.

Dated this 20th day of August, 2012.

_____
Neil V. Wake
United States District Judge